STATE ex rel. DOUGAN, Relator, v. DISTRICT COURT OF EIGHTH JUDICIAL DISTRICT et al., Respondents.

(No. 2,151.)

(Submitted January 16, 1905. Decided February 7, 1905.)

*Contempt Proceedings—Violation of Restraining Order—Alimony—Failure to Pay—Review—Supervisory Control.*

1. An order made in a divorce suit restraining defendant from disposing of his property was so modified as to allow him to mortgage certain property in order to comply with an order of court awarding plaintiff alimony and counsel fees, and to pay certain debts. Defendant mortgaged the property, paid counsel fees and two months' alimony, in compliance with the order, and, after paying certain debts, spent the rest of the money in meeting his own current expenses, failing thereafter to pay the alimony awarded. *Held,* that the court did not, in adjudging defendant guilty of contempt, and directing him to be punished for failure to comply with the order, act in such an arbitrary or unlawful manner as to entitle defendant to a writ of supervisory control.

ORIGINAL application by the state on the relation of Henry G. Dougan, for a writ of supervisory control against the district court of the eighth judicial district and Honorable Jerry B. Leslie, judge thereof. Denied.

*Mr. John W. Stanton* and *Mr. Geo. I. Danks,* for Relator.

*Mr. James W. Freeman,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Original application for a writ of supervisory control. On June 7, 1904, one Emily F. Dougan commenced an action for divorce against Henry G. Dougan in the district court of Cascade county. On June 8th an order was made by the court restraining the defendant from selling, encumbering, transferring, or in any manner disposing of any of his property. On June 15th the defendant filed his answer and cross-complaint, and on June 30th the plaintiff filed her reply thereto. On June 7th the plaintiff made application for alimony and counsel fees, and

on June 20th a hearing upon this application was had, the defendant and his counsel being present. The court thereupon made an order directing the defendant to pay to the plaintiff $50 for counsel fees and expense of suit, and $40 per month for alimony pending the trial of the cause. On June 21st the court made an order modifying the restraining order which it had theretofore made by permitting the defendant to mortgage his personal property for the sum of $600 in order to meet and comply with the order for alimony and counsel fees made on June 20th, and for the purpose of paying certain debts. On November 21st the plaintiff filed her affidavit showing that the defendant had failed to comply with the order of June 20th in that he had failed to make any payment of alimony after the month of July. An order to show cause was issued and served. Thereafter the defendant moved the court to modify the order allowing alimony. So far as this record shows, this motion was not acted upon by the court. The order to show cause having been served, a hearing was had thereon, and upon such hearing the defendant testified that pursuant to the order of the court made on June 21st he had mortgaged his personal property and had secured $600, which he had disposed of in the following manner: $50 paid to the plaintiff for attorney's fee, $40 alimony paid to plaintiff for the month of June, and a like amount for the month of July; that he had paid $156.05 to a bank in Great Falls, and $88.25 to the Northern Pacific Railway Company, each of these last amounts being pre-existing debts. The balance of the money, amounting to $374.30, the defendant had paid out for his own current expenses and his own attorney's fees. The court thereupon adjudged the defendant guilty of contempt of court in failing to pay to the plaintiff alimony for the months of August, September, October and November, and upon the defendant's further failure to comply with the order he was committed to jail. Thereafter application was made to this court to review and annul the order of the court holding the defendant guilty of contempt and directing his punishment.

The object of the hearing on June 20th was to determine whether the plaintiff was entitled to alimony and counsel fees,

and, if so, to ascertain the amounts thereof. It was then determined that plaintiff was entitled to these allowances, and the amounts were fixed. It appearing to the court that the defendant was unable to comply with the order, as he was then prohibited from disposing of his property in any manner, it modified the restraining order to the extent that the defendant was given permission to mortgage his property to the extent of $600, in order that he might pay certain pre-existing debts and comply with the order for payment of alimony and counsel fees. The particular pre-existing debts which the defendant was permitted to pay are not specifically mentioned in the order, but the only pre-existing debts which the defendant paid, so far as this record shows, were a debt of $156.05, due one of the banks in Great Falls, and the sum of $88.25, due to the Northern Pacific Railway Company. He did pay to the plaintiff $50 attorney's fee and $80 for monthly installments of alimony. These payments amount to $374.30, and, had the defendant further complied with the order of court by paying to the plaintiff alimony due for the months of August, September, October and November, he would still have had left in his possession of the $600 the sum of $65.70; but, instead of complying with the order or seeking its modification, he dissipated the money for his current expenses, and then, after he was in default, asked the court for a modification of its order. Upon the hearing of the order to show cause why he should not be punished for contempt defendant entirely failed to show that he had acted in good faith in his attempt to comply with the previous order of the court, and certainly in this proceeding he has failed entirely to show that in adjudging him guilty of contempt and directing his punishment therefor the court acted in an arbitrary or unlawful manner.

The application for the writ is denied and the proceedings are dismissed.

*Dismissed.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.